U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 JUN -5 AM 10: 47

CLERK
BY ᵖᴹ
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JUDITH ROTUNNO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:11-cv-59 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**
(Docs. 12, 17 & 22)

This matter came before the court for a review of the Magistrate Judge's March 27, 2012 Report and Recommendation ("R & R") in the above-captioned matter (Doc. 22). Neither party has objected to the R & R, and the deadline for doing so has expired.

In this action, pursuant to 42 U.S.C. § 405(g), Plaintiff Judith Rotunno seeks review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits. In the R & R, the Magistrate Judge recommends granting Ms. Rotunno's motion to reverse the Commissioner's decision (Doc. 12) and denying the Commissioner's motion to affirm the same (Doc. 17). He further recommends that the matter be remanded for further proceedings and a new decision in accordance with this Opinion and Order.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord*

*Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).

In his eighteen page R & R, the Magistrate Judge carefully reviewed the factual record, the competing motions, and the applicable law. He recommends that the court reverse Administrative Law Judge ("ALJ") Debra Boudreau's disability determination on two grounds.

First, in determining Ms. Rotunno's residual functional capacity ("RFC") and in her hypothetical question to a vocational expert ("VE"), the ALJ did not fully account for Ms. Rotunno's various mental impairments[1] that caused Ms. Rotunno to be severely limited in her ability to handle workplace stress and interactions, adjust to changes in the workplace, and concentrate for significant periods of time. The ALJ's failure to fully account for these limitations, in turn, produced an RFC that is not supported by substantial evidence.

Second, in assessing the opinions of treating therapist Dr. Tomoko Kunita, the ALJ concluded that "Dr. Kunita has a Ph.D. in psychology but is not a licensed psychologist in the state of Vermont. Her opinion is given weight as a non-medical source and in her role as a therapist." (AR 15.) As the Magistrate Judge correctly observes, while Dr. Kunita is not an "acceptable medical source," as a treating licensed marriage and family therapist, she is an "other [medical] source" as defined in 20 C.F.R. § 404.1513(d). Her opinions were thus "important and should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in

---

[1] These included a long history of depression and anxiety, a suicide attempt, recurrent major depressive disorder, affective disorders, social phobia, extremely low stress tolerance, problems with concentration, persistence and pace, and episodic increases in anxiety and depression that temporarily undermined her cognitive efficiency.

2

the file" in accordance with the same factors used for opinions from "acceptable medical sources." SSR 06-03p, 2006 WL 2329939, at *3-4 (Aug. 9, 2000) (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)).

Although Dr. Kunita treated Ms. Rotunno frequently during the period of alleged disability, the ALJ decided to give "little weight" to her opinion that Ms. Rotunno's anxiety would prevent her from going to and performing work, on the grounds that this opinion "is not supported by the evidence of the record." (AR 15.) In reviewing this decision, the Magistrate Judge noted that Dr. Kunita's opinion is supported by her own treatment notes and is consistent with other medical opinions in the record as well as with evidence from the daughter of Ms. Rotunno's former employer. The court agrees with the Magistrate Judge's conclusion that the ALJ's decision to give Dr. Kunita's opinion "little weight" is, itself, unsupported by substantial evidence in the record.

For the foregoing reasons, the court agrees with the Magistrate Judge's conclusions and hereby ADOPTS the R & R as the Opinion and Order of this court. The court thus GRANTS Ms. Rotunno's motion to reverse (Doc. 12), DENIES the Commissioner's motion for an order affirming the ALJ's decision (Doc. 17), and REMANDS this case for proceedings consistent with this Opinion and Order.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 5th day of June, 2012.

Christina Reiss, Chief Judge
United States District Court